IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                     Case Nos.:  5:15cr10/RH/EMT
                                                                    5:16cv209/RH/EMT
LINDA MARIE TAYLOR

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 64). The Government filed a response (ECF No. 68), and Defendant filed a reply (ECF No. 69). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

PROCEDURAL BACKGROUND

Defendant Linda Marie Taylor was charged in twelve counts of a thirteen-count indictment with multiple charges of possession of a firearm or ammunition by a convicted felon, possession of a stolen firearm, and distributing methamphetamine (ECF No. 1). The charges stemmed from a series of drug and gun sales to an undercover agent. Defendant entered a plea of guilty, as charged, pursuant to a written plea agreement and statement of facts (ECF Nos. 42, 43).

Defendant's Presentence Investigation Report ("PSR") calculated her base offense level as 20, after concluding that a prior conviction for robbery was a "crime of violence" (ECF No. 56, PSR ¶ 33, citing U.S.S.G. § 2K2.1). Defendant received two, two-level upward adjustments for the number of firearms involved in the offense conduct and because two of the firearms were stolen as well (PSR ¶¶ 34–35). She also was assessed a four-level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because the firearms and ammunition were possessed in connection with her possession and distribution of methamphetamine (PSR ¶ 36). After a three-level downward adjustment for acceptance of responsibility, her total offense level was 25 (PSR ¶¶ 43–45). Defendant's criminal history category was

VI (PSR ¶¶ 59–60).  This produced a guidelines range of 110 to 137-months imprisonment (PSR ¶ 108).

The defense objected to the base offense level of 20, arguing that Defendant's prior conviction for robbery was not a violent felony after *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 56, PSR ¶ 134).  The Government maintained that the term "crime of violence" specifically included a prior conviction for robbery (PSR ¶ 136).

Defendant also objected to the application of the four-level enhancment, claiming that the Government had not shown that the firearms "facilitated or had the potential of facilitating" her distribution of methamphetamine (ECF No. 56, PSR ¶ 137).  The Government opposed this objection, noting that the firearms and drugs were in close proximity to each other and the firearms had the potential of facilitating the drug offenses (PSR ¶ 138).

On August 20, 2015, the court overruled the objections, adopted the PSR and its guideline calculation without change, and sentenced Defendant well below the calculated guidelines range to a term of 72-months imprisonment (ECF No. 58–60). The proceedings were not transcribed, but the reasons for the departure are set forth in the Statement of Reasons (ECF No. 60 at 4).  Defendant did not appeal.

Defendant timely filed her § 2255 motion on July 19, 2016 pursuant to the prison mailbox rule (ECF No. 64 at 13). She seeks sentencing relief pursuant to *Johnson v. United States*, and she challenges the four-level guidelines adjustment to which she objected at sentencing. The Government opposes the motion, claiming that it is procedurally barred because Defendant did not file a direct appeal.

On the § 2255 motion form, Defendant states that she did not challenge the application of the four-level enhancement because "no direct appeal filed," and she also notes that "the two grounds presented to the Court have not been previously raised because Movant did not file a direct appeal" (ECF No. 64 at 6, 10). In her reply to the Government's response, Defendant claims for the first time that "No appeal was filed, although she requested that her defense counsel file one on her behalf" (ECF No. 69 at 1). The reply is sworn under penalty of perjury (ECF No. 69 at 3).

The basis for such an appeal is not immediately clear. Defendant's sentence fell into a range five levels below that calculated by the PSR, or, otherwise stated, one level below the range that would have applied without the four-level adjustment Defendant now seeks to challenge. Nonetheless, this court takes very seriously sworn allegations that an attorney failed to file a requested appeal. It therefore

entered a detailed order on October 9, 2018, directing Defendant to provide additional detail about her sworn statement in which she alleged that she requested that counsel file an appeal (ECF No. 70 at 4–6). When the order was returned as undeliverable, the clerk located Defendant's current address and mailed it to her there. Defendant did not respond. In an abundance of caution, the court entered another order regarding the putative claim (ECF No. 72). The court advised Defendant that from her lack of response, it appeared that she had chosen to abandon any claim that counsel had failed to file an appeal. It specifically instructed Defendant that if she <u>did not</u> intend to abandon this claim, she must comply with the court's previous order "on or before **December 21, 2018**," and if she <u>did</u> intend to abandon the claim, no further action was required on her part, and the court would "proceed and consider only those claims set forth in the original" Section 2255 motion (ECF No. 72 at 2) (bolded emphasis in original). Defendant filed nothing further. The court consequently now considers any claim that counsel was constitutionally ineffective for failing to file an appeal to have been abandoned.

## ANALYSIS

General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

Case Nos.: 5:15cr10/RH/EMT; 5:16cv209/RH/EMT

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted).

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually

Case Nos.: 5:15cr10/RH/EMT; 5:16cv209/RH/EMT

innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Claim One

In Defendant's first claim for relief, she seeks a sentence reduction pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which she notes is retroactive on collateral review. The retroactivity of *Johnson* is irrelevant to Defendant's case, as she was sentenced two months after the *Johnson* decision. In fact, her attorney cited *Johnson* in his objection to the PSR (ECF No. 51 at 2–3). The defense asked the court to extend *Johnson* to the definition of "crime of violence" in U.S.S.G. § 4B1.2(a). The court overruled the objection. Defendant could have, but did not, appeal the court's decision, and her argument is therefore procedurally barred. *McKay v. United States*, 657 F. 3d 1190, 1196 (11th Cir. 2011)

Even if the claim were not procedurally barred, it has no merit for two reasons. First, the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886 (2017) that

Case Nos.: 5:15cr10/RH/EMT; 5:16cv209/RH/EMT

the Sentencing Guidelines are not subject to a void for vagueness challenge under the Due Process Clause of the Fifth Amendment. Second, the Eleventh Circuit has held that Florida robbery and attempted robbery are crimes of violence under the sentencing guidelines. *United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011); *cf. Stokeling v. United States*, 139 S. Ct. 544 (2019) (holding that Florida robbery is a violent felony under the ACCA).

Claim Two

Defendant next claims that she should not have received a guidelines enhancement for possessing a firearm in connection with another felony offense. She asserts that the sales of firearms and methamphetamine to the same agent were separate transactions and the firearms were never used to "facilitate" her methamphetamine transactions. This claim, which was preserved as an objection at trial, could have been raised on appeal, and as such is also procedurally barred. *McKay*, *supra*. Furthermore, absent an allegation of ineffective assistance of counsel, it is a non-constitutional error that is not cognizable on collateral review. *Id.*

Conclusion

For the foregoing reasons, Defendant has not shown that the claims raised in her motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has she shown that an evidentiary hearing is warranted. Therefore, Defendant's motion should be denied in its entirety.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 64) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 30th day of January 2019.

/s/ *Elizabeth M. Timothy*_____
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:15cr10/RH/EMT; 5:16cv209/RH/EMT